[613 NYS2d 1002]

LORRAINE M. HARRELL, as Administratrix of the Estate of CLAYTON M. HARRELL, Deceased, Respondent, v CHAMPLAIN ENTERPRISES, INC., Doing Business as COMMUTAIR, Appellant.

Third Department, June 30, 1994

## APPEARANCES OF COUNSEL

*Bigham Englar Jones & Houston,* New York City *(James B. McQuillan* and *William C. Brown* of counsel), for appellant.

*Kreindler & Kriendler,* New York City *(David L. Fiol* and *Melvin I. Friedman* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

Defendant is a regional airline certified by the Federal Aviation Administration and affiliated with the USAir Express System. Plaintiff's decedent, a mechanic in defendant's maintenance facility, was killed in the crash of one of defendant's aircraft. At the time he was traveling on an employee pass, which permitted him free transportation over USAir/ USAir Express routes. The pass stated on its face that "[t]he user expressly assumes all risks of accidents, and of personal injury and/or death * * * regardless of their causes, and absolves [defendant] from all liability therefor". Because it is undisputed that under New York law the language of the release was not sufficiently explicit to exculpate defendant for its own negligence *(see, Gross v Sweet,* 49 NY2d 102), the sole issue that need be resolved is whether the issue is governed by New York law or, as asserted by defendant, has been preempted by Federal law. Finding no Federal preemption, Supreme Court granted plaintiff's motion to dismiss defendant's first affirmative defense. We affirm.

The Federal Aviation Act of 1958 (49 USC, Appendix § 1301 *et seq.* [hereinafter the Act]) empowered the Civil Aeronautics Board to exercise economic regulatory authority over interstate air transportation *(see, Hodges v Delta Airlines,* 4 F3d 350, 353, *reh en banc granted* 12 F3d 426). Determining that efficiency, innovation, low prices, variety and quality would be best furthered by reliance upon competitive market forces in the industry, in 1978 Congress enacted the Airline Deregulation Act (hereinafter ADA), which made significant amendments to the Act *(see, Morales v Trans World Airlines,* 504 US —, —, 112 S Ct 2031, 2034). "To ensure that the States would not undo federal deregulation with regulation of their own, the ADA included a pre-emption provision, prohibiting the States from enforcing any law 'relating to rates, routes, or services' of any air carrier" (504 US, *supra,* at —, 112 S Ct,

*supra,* at 2034, quoting 49 USC, Appendix § 1305 [a] [1]).*
Unaffected by the amendments was a savings clause, which
provided that "[n]othing contained in this Act shall in any
way abridge or alter the remedies now existing at common
law or by statute, but the provisions of this Act are in
addition to such remedies" (49 USC, Appendix § 1506).

It is defendant's primary contention that in this negligence
action the enforceability of its affirmative defense of release is
a matter "relating to rates, routes, or services" and thus
governed by Federal law under the express provision of 49
USC, Appendix § 1305 (a) (1). We disagree. Notwithstanding
the fact that the language "relating to rates, routes, or ser-
vices" is to be broadly construed *(Morales v Trans World
Airlines, supra),* the great majority of the Federal courts
having occasion to address the issue have excluded tort claims
from the scope of 49 USC, Appendix § 1305 (a) (1) *(see, Public
Health Trust v Lake Aircraft,* 992 F2d 291; *Cleveland v Piper
Aircraft Corp.,* 985 F2d 1438, *cert denied* — US —, 114 S Ct
291; *Fenn v American Airlines,* 839 F Supp 1218; *O'Hern v
Delta Airlines,* 838 F Supp 1264; *Margolis v United Airlines,*
811 F Supp 318; *see also, Curley v American Airlines,* 846 F
Supp 280; *Butcher v City of Houston,* 813 F Supp 515; *but see,
Hodges v Delta Airlines, supra; Baugh v Trans World Airlines,*
915 F2d 693; *Williams v Express Airlines I,* 825 F Supp 831;
*Hirsch v American Airlines,* 160 Misc 2d 272). We are in
agreement with those courts that the use of the word "ser-
vices" is by no means " 'coextensive with airline "safety" ' "
and that, although there is a clear intent to " 'secure by
federal preemption the benefits of economic deregulation of
the airline industry' " *(Fenn v American Airlines, supra,* at
1222, quoting *Hodges v Delta Airlines, supra,* at 354), the
traditional role of State law is to be maintained in adjudicat-
ing bodily injury claims *(Fenn v American Airlines, supra,* at
1223).

Further, "[t]hat Congress did not intend section 1305 to
preempt all state tort claims for personal injury is bolstered
by the continued existence of the preemption saving clause [49
USC, Appendix § 1506]" *(Hodges v Delta Airlines, supra,* at
355). We are not persuaded that *Morris v Northwest Airlines*

---

* 49 USC, Appendix § 1305 (a) (1) provides in pertinent part: "no State or
political subdivision * * * and no interstate agency or other political agency
of two or more States shall enact or enforce any law, rule, regulation,
standard, or other provision having the force and effect of law *relating to
rates, routes, or services* of any air carrier" (emphasis supplied).

(737 F Supp 422), relying solely upon Federal common law and cases decided prior to enactment of the ADA, is correctly decided. We agree with plaintiff that there is no Federal common law concerning airline free passes or exculpatory clauses set forth thereon, and the prior statutory and regulatory scheme addressing airline free passes was repealed by the ADA. Finally, under the doctrine of *expressio unius est exclusio alterius,* implied preemption is not applicable because of the existence of an express preemption provision *(see, Cipollone v Liggett Group,* 505 US —, —, 112 S Ct 2608, 2618; *Public Health Trust v Lake Aircraft, supra,* at 294-295; *Cleveland v Piper Aircraft Corp., supra,* at 1443-1444; *O'Hern v Delta Airlines, supra,* at 1266-1267) and, as for the claim of conflict preemption, for the reasons already stated we perceive no inconsistency between applicable New York and Federal law.

WHITE, CASEY, WEISS and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.