Miguel **RODRIGUEZ**, et al., Plaintiffs,

v.

**AMERICAN AIRLINES, INC.,**
et al., Defendants.

Civ. Nos. IDP 92–1789(DRD), 92–1989, 92–1999, 93–1803, 93–1804 and 93–1835.

United States District Court,
D. Puerto Rico.

May 23, 1995.

---

Jorge Ortiz Brunet, San Juan, PR, for plaintiff.

Francisco Troncoso, Carlos & Troncoso, San Juan, PR, for consolidated plaintiff Oneida Rodríguez.

Diego A. Ramos, San Juan, PR, for AA, Executive and Island.

María Emilia Picó, Rexach & Picó, Miramar, Santurce, PR and Stephen R. Stegich III, Condon & Forsyth, New York City, for CASA Aircraft & Construcciones Aeronáuticas.

### ORDER

DOMINGUEZ, District Judge.

Codefendants American Airlines, Inc., and Executive Airlines Inc., have requested the Court to issue a partial summary judgment, dismissing the claim of seventeen of the eighteen plaintiffs that have filed complaints in the above consolidated cases. Plaintiffs have opposed the request and after oral argument at a hearing conducted on April 7, 1995, and filing of briefs, on the issue of preemption, the Court is ready to rule.

The referred codefendants have argued that pursuant to the choice of law rules adopted by the Commonwealth of Puerto Rico in the case of *Vda. de Fornaris v. Amer. Surety Co. of N.Y.*, 93 D.P.R. 29 (1966), the "dominant contacts" are with the State of New York and therefore New York Law must be applied. In the alternative, the parties above argue that the Commonwealth law has been preempted, by the Airline Deregulation Act of 1978, (Section 1305(a)(1) of

Title 49 U.S.C.App.), or that Federal Common Law should be applied.

Plaintiffs, on the other hand, argue that under *Fornaris*, and *Bonn v. Puerto Rico, International Airlines, Inc.*, 518 F.2d 89 (1st Cir.1975), Puerto Rico has the "dominant contacts" with the occurrence of the accident, and Puerto Rican substantive law must be applied. They also argue against preemption and the application of federal common law.

Moving codefendants, and plaintiffs agree, that the choice of law rules adopted by Puerto Rico, apply to the present controversy. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Bonn v. Puerto Rico, International Airlines, Inc.*, supra at 91.

## RELEVANT FACTS [1]

On June 7, 1992, a 212 CASA Aircraft operated by Executive Airlines, Inc., which was American Eagle flight 5456, crashed in the vicinity of the Eugenio María de Hostos Airport at Mayaguez, Puerto Rico. American Eagle flight 5456 took off from Luis Muñoz Marín International Airport at Carolina, and ended at its destination in the City of Mayaguez, Puerto Rico.

Executive Airlines, Inc., is a corporation organized under the laws of the State of Delaware, registered to do business in the Commonwealth of Puerto Rico. Executive's principal place of business is located in Puerto Rico; Executive is a regional commuter carrier operating commercial aircrafts from Carolina, Puerto Rico to other islands of the Caribbean and to several other locations in Puerto Rico, including the City of Mayaguez.

Plaintiffs' principal in law, Miguel A. Rodríguez, Jr., boarded flight 5456 in Carolina, Puerto Rico and was proceeding to Mayaguez, Puerto Rico. The flight was purely domestic normally within the boundaries of the Commonwealth of Puerto Rico.

The aircraft CASA 212 operated by Executive Airlines, Inc., under the trade name of American Eagle was maintained, serviced, fueled and operated by the employees and pilots of Executive Airlines, Inc., in the island of Puerto Rico.

Codefendant American Airlines, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business at Dallas, Texas.

Codefendant CASA USA, INC., is a corporation organized under the laws of the State of Virginia, with its principal place of business in Washington, D.C.

Codefendant Construcciones Aeronauticas, S.A., is a corporation organized under the laws of a state or country other than the Commonwealth of Puerto Rico, with its principal place of business in Madrid, Spain.

Plaintiffs Denisse Rodríguez Carrasquillo, James Figueroa Vélez, Keith Jiménez Vélez, Nicomedes Figueroa Vélez, Luz Saba Vélez Cucuta, Luz Marina Cucuta Irizarry, and Ana Carrasquillo Alverio [2], are all residents of the Commonwealth of Puerto Rico, where they have been domiciled since before the date that the consolidated captioned complaints were filed in the instant case.

Miguel A. Rodríguez and Ryan Michael Rodríguez were residents domiciled in the State of Connecticut on the date in which their complaint was filed in the instant case. Efraín Vélez Cucuta is a permanent resident domiciled in the State of Florida, on the date in which the complaint was filed in the instant case.

Evelyn, Nancy and Luis Rodríguez Carrasquillo were residents of the State of New York, on the date that the complaint was filed in the instant case. Jeffrey Rodríguez, Socorro Vélez Cucuta, and Ricardo Vélez Ríos were residents of the State of New York on the date the complaint was filed.

The injuries sustained by decedent Miguel A. Rodríguez, Jr., occurred in the Municipali-

---

**1.** We examine the facts in the light most favorable to the non-moving party. *Le Blanc v. Great American Insurance*, 6 F.3d 836, 841 (1st Cir. 1993); *Lydia Libertad et al. v. Patrick Welch*, 53 F.3d 428 (1st Cir.1995).

**2.** These plaintiffs did not file a cause of action against Executive Airlines, Inc. Their complaint included as defendants only American Airlines, Inc., Construcciones Aeronauticas S.A. and CASA Aircraft U.S.A., Inc., parties with which they have complete diversity.

ty of Mayaguez, Puerto Rico at the time in which American Eagle flight 5456 crashed, on June 7, 1992, while an approach was being attempted at Eugenio María de Hostos Airport. The pilots that were in the aircraft that crashed were Captain Alton E. Leslie and Joseph E. Dishler, none of which were residents of the State of New York.

Decedent Miguel A. Rodríguez, Jr., was a resident of the State of New York, and plaintiff Oneida Rodríguez, decedent's widow was also a resident of the State of New York, on the date her complaint was filed in the above captioned consolidated cases.

## DISCUSSION OF THE LAW

### I. Predominant Contacts

■ A United District Court sitting in a diversity case must apply the choice of law rules of the Forum State, *Jiménez Puig v. Avis Rent–A–Car Sys.*, 574 F.2d 37, 40 (1st Cir.1978); *González Y Camejo v. Sun Life Assur. Co.*, 313 F.Supp. 1011, 1013 (District Court of Puerto Rico 1970).[3]

■ The Commonwealth of Puerto Rico as Forum State has adopted the dominant contact rules of choice of law, incorporating the enumerated criteria of dominant contacts contained in Restatement Second of Conflict of Law (1971) particularly sections 145, 175, and 178 of the Restatement. *Fornaris v. Amer. Surety Co.*, supra, p. 47; *Bonn v. Puerto Rico International Airlines, Inc.*, supra, p. 91. Section 145 sets forth broad and general principles that govern a choice of law analysis while sections 175 and 178 reveal the breath of the applications of these principles in wrongful death cases. Sections 175 and 178 incorporate into the analysis "a presumption that the local law of the state where the injury occurred should govern unless another state has a more significant relationship to the occurrence or to the parties". *Foster v. United States*, 768 F.2d 1278, 1280 (11th Cir.1985). The First Circuit Court of Appeals interpreted in *Bonn*, supra, p. 91–92, that the Commonwealth of Puerto Rico in the case of *Fornaris v. Amer. Surety Co.*, supra, recognized section 175 of the Restatement as part of the dominant contacts analysis under Puerto Rican substantive law. *Bonn* further holds that under Section 175 of the Restatement the place of conduct and injury are to be considered among the dominant contacts in the choice of law principles applied by the Court of the Commonwealth of Puerto Rico in *Fornaris*.

■ The dominant contacts that arise from the facts of the instant case, favor the law of the Commonwealth of Puerto Rico. Puerto Rico is the place of injury, the place of the conduct imputed to codefendants by plaintiffs regarding the operation, maintenance, installment of the beta blocking device and/or testing, or maintenance of same in the CASA 212 aircraft (flight 5456). The regional commuter having control of the airplane is a corporation with its principal place of business in Puerto Rico. The accidental flight took place within the boundaries of the Commonwealth of Puerto Rico. All the parties in the above captioned consolidated cases allege that the *conduct, defect,* and *cause* of the accident that took place upon approach to the Eugenio María de Hostos Airport on June 7, 1992, occurred within the boundaries of Puerto Rico. The Commonwealth of Puerto Rico has valid interest in regulating an accident that occurs within its boundaries and involving an airplane controlled and maintained by a party whose principal place of business is Puerto Rico.

Applying the choice of law rules of the forum state to the facts and dominant contacts in the instant case, this Court has no other alternative but to determine that the Commonwealth of Puerto Rico has a more significant relationship to the occurrence of the accident and the parties than the state of New York.

---

**3.** The Court of the Commonwealth of Puerto Rico has further applied the choice of law rules in the cases of *Federal Ins. Co. v. Dresser Ind., Inc.*, 111 D.P.R. 96 (1981); *Green Giant Co. v. Tribunal Superior*, 104 D.P.R. 489, 499 (1975); *A.H. Thomas Co. v. Superior Court*, 98 D.P.R. 864, 869 (1970), and the Federal Courts have applied those principles in *Ríos Jiménez v. American Airlines, Inc.*, 579 F.Supp. 631, 632 (D.P.R. 1983); *Marcano Díaz v. Eastern Airlines, Inc.*, 698 F.Supp. 18 (D.P.R.1988); *In Re: San Juan Dupont Plaza Hotel Fire Litig.*, 745 F.Supp. 79 (D.P.R.1990).

## II.

### Preemption

The Court now addresses the second issue raised by codefendant American Airlines, Inc. and Executive Airlines, Inc., preemption.

 The test for federal preemption over state law of Puerto Rico is identical to the test under the Supremacy Clause, U.S. Const., Art. VI, cl. 2, for preemption of the law of any state of the Union. (Statutory Laws of the United States Generally "have the same force and effect in Puerto Rico as in the United States"). *Examining Bd. of Engrs., Architects & Surveyors v. Flores de Otero,* 426 U.S. 572, 596, 96 S.Ct. 2264, 2278, 49 L.Ed.2d 65 (1976); *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 675, 94 S.Ct. 2080, 2087, 40 L.Ed.2d 452 (1974); *P.R. Department of Consumer Affairs v. Isla Petroleum,* 485 U.S. 495, 499, 108 S.Ct. 1350, 1352, 99 L.Ed.2d 582 (1988):

> "Although Puerto Rico has a unique status in our federal system (citations omitted), the parties have assumed and we agree, that the test for federal preemption of the law of Puerto Rico at issue here is the same as the test under the Supremacy Clause, U.S. Constitution, Art. VI, Cl 2, for preemption of the law of the state."

In *Puerto Rico Dept. of Consumer Affairs v. Isla Petroleum,* supra at 500, 108 S.Ct. at 1353, the Supreme Court stated: "as we have repeatedly stated 'we start with the assumption that the historic police powers of the state were not to be superseded by the federal act unless that was *the clear and manifest purpose of Congress'* ", (emphasis ours), *Hillsborough Cty. v. Automated Med. Lab., Inc.,* 471 U.S. 707, 715, 105 S.Ct. 2371, 2376, 85 L.Ed.2d 714 (1985); quoting *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977), in turn quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947).

 Codefendants American Airlines, Inc., and Executive Airlines Inc., have requested this Court to find that in the instant case the substantive law of the Commonwealth of Puerto Rico applicable to a wrongful death case, is preempted by Section 1305(a)(1) of the Airline Deregulation Act, contained in Title 49 of the U.S.Code App.

 In 1978 Congress, determining that "maximum reliance on competitive forces" would best further "efficiency, innovation and low prices" as well as "variety [and] quality ... of air transportation services", enacted the Airline Deregulation Act. The Act included a preemption provision relating to "rates, routes or services", 49 U.S.C.App. 1305(a)(1). The key to preemption as stated before "is one of statutory intent". *Morales ·v. Trans. World Airlines, Inc.,* 504 U.S. 374, 381, 112 S.Ct. 2031, 2036, 119 L.Ed.2d 157 (1992). The pivotal phrase in the statute is "relating to" (rates, routes or services). *Morales,* at p. 383, 112 S.Ct. at p. 2037. In *Morales* the Court stated that: "State enforcement actions" having a connection with or reference to airline "rates, routes or services are preempted ..." *Morales,* ibid. This Court finds that the state personal injury claims of plaintiffs based on airline "safety" or lack thereof are not expressly preempted by Section 1305(a)(1) of the Federal Statute. Said alleged damages claims are not "related to" the *routes, rates,* and *services* provided either by American Airlines, Inc., or Executive Airlines, Inc. State personal injuries claims grounded on safety or lack thereof are not "related to" "services". *O'Hern v. Delta Airlines,* 838 F.Supp. 1264, 1265–1267 (N.D.Ill.1993); *Cleveland v. Piper Aircraft Corp.,* 985 F.2d 1438 (10th Cir.1993), cert. denied —— U.S. ——, 114 S.Ct. 291, 126 L.Ed.2d 240 (1993); *Public Health Trust v. Lake Aircraft Inc.,* 992 F.2d 291 (11th Cir.1993).

> "Nowhere in the language of 1305 is there any mention of safety; nor is there any indication that Congress intended the term to encompass airline safety. Accordingly since Congress omitted "safety" from the language of 1305, we find that a state law action for personal injuries sustained as a result of an airlines' alleged negligence does not have "a connection with or reference to" airline "rates, routes or services".

(citations omitted) *O'Hern,* ibid, p. 1267.[4]

█ The referred codefendants also rely on their allegation of implied preemption under the Airlines Deregulation Act of 1978. The First Circuit Court of Appeals in *Ellen Mendes v. Medtronic, Inc.,* 18 F.3d 13, 16 (1st Cir.1994), rejected the argument of implied preemption citing the case of *King v. Collagen Corp.,* 983 F.2d 1130, 1134 (1st Cir. 1993). Indicating: when "Congress includes an express preemption clause in a statute, Judges ought to limit themselves to the preemptive reach of that provision without essaying any further analysis under the various theories of implied preemption". *Greenwood Trust Co. v. Com. Of Mass.,* 971 F.2d 818, 823 (1st Cir.1992). The Court in *Mendes* had anticipated at page 16, that to determine the extent to which a plaintiff's claim is preempted, it must identify the preemptive reach of the statute's express language citing *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, ——, ——, 112 S.Ct. 2608, 2618, 2625, 120 L.Ed.2d 407 (1992).

The First Circuit in *Greenwood Trust Co. v. Com. of Mass.,* supra at 823 emphasizes citing *French v. Pan Am Express, Inc.,* 869 F.2d 1, 2 (1st Cir.1989), that although implied preemption comes in a wide variety of sizes and shapes, notwithstanding in any preemption analysis "the question of whether Federal Law preempts a state statute is one of Congressional intent". *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Securities Industry v. Connolly,* 883 F.2d 1114, 1117 (1st Cir. 1989). Again the First Circuit reiterates in *Greenwood,* at page 823 that "for another thing, the different strains of preemption all operate on 'the assumption that the historic police powers of the States [are] not to be superseded by [a] Federal Act unless that was the clear and manifest purpose of Congress, *Rice,* 331 U.S. at 230, 67 S.Ct. at 1152." The First Circuit in *Sterling Suffolk Racecourse v. Burrillville Racing,* 989 F.2d

1266, 1271 (1st Cir.1993) indicated that even clear legislative history must yield to a contrary implication easily derivable from a statute's text. The savings clause contained in section 1506 of the *Federal Aviation Act of 1958,* 49 USCA 1506 clearly states the intent of Congress of not altering or abridging the statutory rights of the parties under state law.

> "Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to said remedies". *49 U.S.C.App. 1506*[5]

This Court finds that personal injury claims under Puerto Rican substantive law, are traditionally occupied by state law requiring a strong presumption against implied preemption, not overcome on this subject matter by a clear Congressional purpose. *Puerto Rico Department of Consumer Affairs v. Isla Petroleum,* supra, at 500, 108 S.Ct. at 1353. *Public Health Trust v. Lake Aircraft, Inc.,* 992 F.2d 291, 294 (11th Cir. 1993); *Cleveland v. Piper Aircraft Corp.,* 985 F.2d 1438, 1432–1443 (10th Cir.1993); *Stagl v. Delta Air Lines,* 849 F.Supp. 179, 182 (E.D.N.Y.1994); *Curley v. American Airlines,* 846 F.Supp. 280, 284 (S.D.N.Y.1994); *Bayne v. Adventure Tours USA, Inc.,* 841 F.Supp. 206 (N.D.TX.1994); *Fenn v. American Airlines,* 839 F.Supp. 1218, 1222–1223 (S.D.Miss.1993); *Chouest v. American Airlines,* 839 F.Supp. 412, 416–417 (1993); *O'Hern v. Delta Airlines,* 838 F.Supp. 1264, 1267 (N.D.Ill.1993); *In re Air Disaster,* 819 F.Supp. 1352, 1363 (E.D.MI.1993); *Butcher v. City of Houston,* 813 F.Supp. 515, 518 (S.D.TX.1993); *Holliday v. Bell Helicopters Textron, Inc.,* 747 F.Supp. 1396 (D.Hawaii 1990).

We find that the state damages claims set forth by plaintiffs in the above consolidated cases are not implied or expressly preempted under the Airline Deregulation Act nor under the Federal Aviation Act.

---

**4.** That citation similar to expressed by the 10th Circuit in *Cleveland v. Piper Aircraft Corp.,* supra at p. 1443:
> "Since Congress has not enacted an express preemption clause governing airplane *safety, Morales* supports our conclusion that the savings clause demonstrates the Federal Aviation

Act does not preempt state common law." (Emphasis of the Court of Appeals)

**5.** This section was repealed on July 5, 1994, 108 Stat. 1379. The law was in effect at the time of the accident, June 7, 1992.

## STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." F.R.Civ. P.Rule No. 56(c). The party moving for summary judgement bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The opposing party must then designate specific facts that show that there is a genuine triable issue. *Celotex*, supra, at 324, 106 S.Ct. at 2553.

A fact is material if, under applicable substantive law, it may affect the result of the case. *Ortega–Rosario v. Alvarado–Ortiz*, 917 F.2d 71 (1st Cir.1990). A dispute is genuine only if there is conflicting evidence that requires a trial to resolve the discrepancy. *Ortega–Rosario*, 917 F.2d at 71. A court should deny a motion for summary judgment if the dispute about a material fact is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir.1994). See also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In determining whether summary judgment is warranted, the Court views the facts alleged in the light most favorable to the non-moving party and must indulge all inferences in favor of that party. See *Le Blanc v. Great American Insurance*, 6 F.3d 836, 841 (1st Cir.1993) cert. denied —— U.S. ——, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994); *Richard A. Mottolo and Service Pumping and Drain Co., Inc. v. Fireman's Fund Insurance Co., et al.*, 43 F.3d 723, 724 (1st Cir.1995); *John P. Coyne et al v. Taber Partners I*, 53 F.3d 454 (1st Cir.1995); *Lydia Libertad et al. v. Father Patrick Welch et al.*, 53 F.3d 428 (1st Cir.1995); *Rossy v. Roche Products, Inc.* 880 F.2d 621, 624 (1st Cir.1989); *John & Kostas Service Station, Inc. v. Cumberland Farms, Inc.*, 948 F.2d 821 (1st Cir.1991).

The party opposing the motion for summary judgment cannot rely on "mere allegations or denials" of the moving party. F.R.Civ.P.Rule No. 56(e). Rather the opposing party must be able to show by affidavits, depositions, answers and admissions in the record that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553.

As to issues upon which the nonmovant has the burden of proof, the movant need do no more than aver "an absence of evidence to support the nonmoving party's case". *Celotex v. Catrett*, supra, at 325, 106 S.Ct. at 2553. The burden of production then shifts to the nonmovant, who, to avoid summary judgment, must establish the existence of at least one question of fact that is *both* "genuine" and "material". See *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The nonmovant, however, may not rest upon mere denial of the pleadings. F.R.Civ.P.Rule No. 56. See *Richard A. Mottolo and Service Pumping & Drain Co., Inc. v. Fireman's Fund Insurance Company, et al.*, 43 F.3d 723, 724 (1st Cir.1995).

■ Pursuant to the answers to the complaint filed by American Airlines, Inc., and Executive Airlines, Inc., on April 11, 1995, and plaintiffs' opposition to summary judgment, there are controverted issues of material fact among the parties, regarding liability, causality, operation, training and maintenance, that require a trial at which same must be adjudicated in the merits. Federal Rule 56(c) of Civil Procedure. *Emery v. Merrimack Valley Wood Products, Inc.*, 701 F.2d 985 (1st Cir.1983); *Hahn v. Sargent*, 523 F.2d 461 (1st Cir.1975) cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Those material controverted issues of fact are intermingled to the questions of law, regarding negligence, products liability and the choice of law rules applied by this Court. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Through Summary Judgment American and Executive move the Court to conclude that there is no genuine issue as to any material fact. However, examining the record "in the light most favorable to the non-moving party", *Le Blanc v. Great American Insurance Co.*, 6 F.3d at 841, the Court must

conclude to the contrary for the reasons stated above.

WHEREFORE, the Motion for Summary Judgment filed by codefendants American Airlines, Inc. and Executive Airlines, Inc., is hereby **DENIED.**

IT IS SO ORDERED.