**Steven SAKELLARIDIS, Plaintiff,**

v.

**POLAR AIR CARGO, INC. and Economy Engineering Company, Inc., Defendants.**

**No. CV98–4267 (JBW).**

United States District Court,
E.D. New York.

July 19, 2000.

J. Peter Burchetta, Charles Palella, Collins & Hanely, New York City, for plaintiff.

Michael W. Hecht, Jeffrey J. Ellis, Quirk & Bakalor, P.C., New York City, for Polar Air Cargo, Inc., defendant.

Arnold I. Katz, Calinoff & Katz, New York City, for Economy Engineering Co., Inc., defendant.

*Judgment, Memorandum, and Order*

WEINSTEIN, Senior District Judge.

## I. Introduction

The contention that federal law preempts New York statutes protecting workers against falls from scaffolds is rejected. Long standing worker protections should not be dismantled unless a federal statute clearly ordains that result. Preemption should not be used as a sword to strike down worker protections developed over the millennia. As set down in scripture, "When thou buildest a new house, then thou shalt make a parapet for thy roof, that thou not bring blood upon thy house, if any man fall from thence." *Deuteronomy*, 22:8.

## II. Facts

While preparing to work on a Polar Air aircraft at John F. Kennedy International Airport, plaintiff fell from an allegedly defective Polar provided "hi-jacker" work platform—a portable scaffold designed to permit workers to reach high points on

large aircraft. He was seriously injured when the scaffold collapsed. Plaintiff was employed as an airline mechanic by AOG Sheet Metal, Inc., an independent contractor.

III. Law

Plaintiff sues under two provisions of the New York Labor Law. The first, section 240(1), is commonly known as the "scaffold act." It provides that all contractors, owners, and their agents must give proper protection to workers who are engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" by furnishing or erecting scaffolding and other safety devices. The duty imposed is absolute and non-delegable. *See Drew v. Correct Mfg. Corp.,* 149 A.D.2d 893, 894–95, 540 N.Y.S.2d 575 (1989) (hoist collapsed). A parked aircraft is a "structure."

The second provision, section 241(6), states that "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." This provision is primarily remedial in nature. *See Irwin v. St. Joseph's Intercommunity Hosp.,* 236 A.D.2d 123, 130, 665 N.Y.S.2d 773 (1997).

Defendant's preemption argument relies upon two federal aviation acts—the Federal Aviation Act (FAA) of 1958 and the Airline Deregulation Act (ADA) of 1978—as well as the Occupational Safety and Health Act (OSHA). Superceding of state law may be either express or implied. *See Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). Express preemption requires that the statute explicitly indicate that state law is preempted. *See id.* "Field preemption" exists where federal regulation of an area is so pervasive that it can be inferred that Congress has left no room for supplemental regulation

by the states. *See id.* "Conflict preemption" is found where " 'compliance with both federal and state regulations is a physical impossibility.' " *Id.* (quoting *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)). Analysis starts from the assumption that Congress did not intend to supplant state law. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 654, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) ("starting presumption that Congress does not intend to supplant state law"); *see also, e.g., Samuels v. The Health and Hospitals Corporation of the City of New York,* 591 F.2d 195 (2d Cir. 1979) (diversity action for adulterated blood; Federal Food, Drug, and Cosmetic Act, § 301(b) did not preempt New York Public Health Law § 580, subd. 4); *Burke v. The Dow Chemical Co.,* 797 F.Supp. 1128 (E.D.N.Y.1992) (Federal Insecticide, Fungicide and Rodenticide Act labeling requirements did not preempt common law requirements of other warnings to consumers); *Berman Enterprises, Inc. v. Jorling,* 793 F.Supp. 408 (E.D.N.Y.1992) (malicious shutting down of barge business not preempted by Port and Waterways Safety Act).

A. FAA

Defendant relies upon a recent Third Circuit decision, *Abdullah v. American Airlines, Inc.,* 181 F.3d 363 (3d Cir.1999), dealing with claims of passengers injured during a flight; the plaintiffs' view was that the pilot should have changed course to avoid a choppy flight. *Abdullah* stated that "the FAA and relevant federal regulations establish complete and thorough safety standards for interstate and international transportation that are not subject to supplementation by, or variation among, jurisdictions." *Id.* at 365. It concluded that the FAA preempts the entire field of aviation safety. *See id.* at 367.

■ Even assuming that the Third Circuit would include the instant claim for on-ground repairs under "aviation safety"—which is doubtful—the defendant's reliance on *Abdullah* is irrelevant. The court of appeals for the Second Circuit has held that the FAA does not preempt state common law claims. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 635 F.2d 67, 74 (2d Cir.1980); *see also Abdullah*, 181 F.3d at 368 (recognizing that its conclusion conflicts with that of the Second Circuit). Although *Air Crash Disaster* dealt with FAA preemption of common law claims and the present case involves state statutory law, there is no reason to distinguish between state statutory and common law in preemption analysis. *See, e.g., Oglesby v. Delaware & Hudson Ry. Co.*, 180 F.3d 458, 462 (2d Cir. 1999) (per curiam) (Locomotive Boiler and Inspection Act preempts state statutory and common law); *Gilbert v. Burlington Indus.*, 765 F.2d 320, 327–28 (2d Cir.1985) (same with regard to Employee Retirement Income Security Act of 1974), *aff'd*, 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986).

### B. ADA

■ The ADA contains an express preemption clause: a state may not enact a law "related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1) (1996). In interpreting this provision, the Supreme Court declared " '[s]ome state actions may affect [airline fares] in too tenuous, remote, or peripheral a manner' to have preemptive effect." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (quoting *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 100, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). When deciding if a state law is preempted by the ADA, a significant effect on the price, route, or service of an air carrier is controlling. *See Abdu–Brisson v. Delta Air Lines, Inc.*, 128 F.3d 77, 81–82 (2d Cir.1997) (holding that city and state human rights laws are not preempted by the ADA). A provision is not "related to" prices, routes, or services when the state law does not interfere with the purposes of the federal statute. *See id.* at 82.

■ The purpose of the ADA is airline deregulation permitting more effective competition. Enforcing state labor law provisions allowing injured contractors' workers to bring personal injury claims against airlines would have no significant effect on airline deregulation. While enforcing the state labor law may have some peripheral effect on costs of operation and implicitly on airline fares, it is not enough to warrant preemption. The state law provisions do not frustrate the purpose of the ADA. *See also American Airlines, Inc. v. Wolens*, 513 U.S. 219, 235, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (Stevens, J., concurring) (ADA does not preempt private tort actions); *Harrell v. Champlain Enterprises, Inc.*, 200 A.D.2d 290, 292, 613 N.Y.S.2d 1002 (1994) (Congress did not intend the ADA to preempt state claims for bodily injuries); *cf. Morales*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (state regulation of airline advertising is preempted by the ADA because it affects the market).

### C. OSHA

OSHA contains language that explicitly precludes preemption of numerous state laws. Its savings clause states that "[n]othing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4). There is a consensus that the savings clause operates to save state tort rules. *See Pedraza v. Shell Oil Co.*, 942 F.2d 48, 52–53 (1st Cir. 1991) (savings clause preserves tort and worker's compensation claims); *see also Vukadinovich v. Terminal 5 Venture*, 834

F.Supp. 269 (N.D.Ill.1993) (Illinois Structural Work Act, which is similar to § 240(1), is not preempted by OSHA).

The defendant relies on a Supreme Court decision holding that an Illinois law regulating health and safety was preempted by OSHA. *See Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). It contends that the state labor laws in question would frustrate the purposes of OSHA just as the statute in *Gade* did. *Gade,* however, involved a state licensing law, not a state tort claim. Critically, licensing laws do not fall within OSHA's savings clause while protective labor laws do.

■ The defendant nonetheless contends that section 241(6) is preempted because, while it provides a tort remedy, it relies on the New York State Industrial Code to provide a standard of care. This argument is without merit. The savings clause plainly states that workers' statutory remedies for personal injuries are preserved. It is not consequential that the standard of care is prescribed by the common law, a separate statutory scheme, or an administrative scheme. Because section 241(6) provides a remedy for personal injuries suffered in the course of employment, it is not preempted. *See Irwin v. St. Joseph's Intercommunity Hosp.,* 236 A.D.2d 123, 128, 665 N.Y.S.2d 773 (1997) (holding that OSHA does not preempt § 241(6)).

Regulation of workplace safety is a field that has traditionally been occupied by the states. "[F]ederal regulation of the workplace was not intended to be all encompassing." *Gade,* 505 U.S. at 96, 112 S.Ct. 2374.

IV.  Conclusion

Polar's motion for partial summary judgment is denied.

SO ORDERED.